Ex parte Genaro **GARZA**, Jr., Appellant.

Nos. 1283–95, 1284–95.

Court of Criminal Appeals of Texas, En Banc.

Nov. 20, 1996.

Charles W. Medlin, Houston, for appellant.

Alan Curry, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

Applicant was charged by indictment with illegal investment. Pursuant to Tex.Code Crim.Pro. Ann. Chap. 59, the State initiated civil forfeiture proceedings against Applicant' property. The State and Applicant entered into an agreed judgment, and the trial court ordered the property forfeited to the State. Applicant filed a pretrial application for a writ of habeas corpus contending that prosecution for this offense was barred by double jeopardy provisions because he had already been punished in the forfeiture proceeding. The trial court granted relief and the State appealed. The Court of Appeals affirmed the trial court's ruling. *State v. Garza*, 908 S.W.2d 60 (Tex.App.—Houston [1st] 1995).

In its petition for discretionary review, the State contends the Court of Appeals erred by holding that the pending prosecution is jeopardy barred. At the time the Court of Appeals handed down its opinion, it did not have the benefit of our recent decision in *Fant v. State*, 931 S.W.2d 299 (Tex.Cr.App. 1996), in which we held that Chapter 59 civil *in rem* forfeitures do not constitute punishment under the Double Jeopardy Clause of the Fifth Amendment. *Id.*, at 62. Accordingly, we summarily grant the State's petition for discretionary review in No. 1283–95, reverse the judgment of the Court of Appeals, and reverse the judgment of the trial court.[1]

---

1. We refuse the petition for discretionary review in No. 1284–95, which corresponds to the number assigned to the prosecution for illegal investment, No. 667,904. No judgment has been entered in that cause. The habeas corpus judgment was entered under the cause number assigned to the habeas corpus petition, No. 94–22095. Therefore, the Court of Appeals' judgment purporting to affirm an non-existing trial court judgment is a nullity.